## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON HOLCOMBE (#565311)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-779-SDD-SDJ** |
| **DARREL VANNOY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 17, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON HOLCOMBE (#565311)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-779-SDD-SDJ** |
| **DARREL VANNOY, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Jason Holcombe. It is recommended that Holcombe's application be denied as untimely. There is no need for oral argument or for an evidentiary hearing.

### I. Procedural History

On June 30, 2014, Holcombe was indicted in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, for second degree murder.[1] After a jury trial in April of 2015, Holcombe was found guilty by a non-unanimous jury[2] and sentenced to life without the benefit of probation, parole, or suspension of sentence.[3] Holcombe filed an appeal with the Louisiana First Circuit Court of Appeal, which affirmed his conviction and sentence on April 15, 2016.[4] On direct appeal, the Louisiana Supreme Court denied Holcombe's writ application on May 12, 2017.[5]

Holcombe then filed an application for post-conviction relief at the Twenty-First Judicial District Court on or about August 6, 2018.[6] The trial court denied the PCR application on

---

[1] R. Doc. 14, p. 36.
[2] R. Doc. 14, p. 29-30.
[3] R. Doc. 14, p. 33.
[4] *State v. Holcombe*, 2015-1615 (La. App. 1 Cir. 4/15/16), 2016 WL 1535165; R. Doc. 14-5, pp. 62-77.
[5] *State v. Holcombe,* 2016-1043 (La. 5/12/17), 219 So.3d 332 (Mem); R. Doc. 14-5, p. 165.
[6] R. Doc. 14-5, pp. 1-4; 7-48. All references to dates when Holcombe filed documents are to the dates the document was signed, rather than filed with the Court, unless otherwise indicated. The courts of this Circuit have long concluded that the prison mailbox rule generally applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates. Pursuant to that rule, an inmate's pleadings are considered filed on the date that they are presented to prison officials

September 26, 2018.[7]  The First Circuit issued an order on February 11, 2019, denying review.[8] The Louisiana Supreme Court subsequently denied Holcombe's writ application on November 5, 2019.[9]

Holcombe filed the habeas petition, *pro se*, with this Court on November 10, 2019,[10] asserting (1) the trial court erred in denying his motion to appoint a sanity commission, (2) his due process rights were violated because he was convicted by a non-unanimous jury, (3) he was denied his right to a fair and impartial jury in violation of *Batson v. Kentucky*, (4) the trial court erred in failing to grant a juror challenge for cause, (5) insufficiency of the evidence, and (6) ineffective assistance of counsel for failing to adequately cross-examine witnesses and adequately prepare for trial.[11]

## II.    TIMELINESS

Pursuant to 28 U.S.C. § 2244(d), there is a one-year time period for prisoners in state custody to file federal habeas corpus claims.  This time period begins to run on the date judgment becomes final through the conclusion of direct review or through the expiration of the time to seek direct review.[12]  A properly-filed application for state habeas relief or other collateral review tolls this time period.[13] After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court.  As a result, after a ruling by the state's highest

---

or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).
[7] R. Doc. 14-5, p. 87.
[8] *State v. Holcombe*, 2018-1559 (La. App. 1 Cir. 2/11/19), 2019 WL 519903; R. Doc. 14-5, p. 140-141.
[9] R. Doc. 14-5, pp. 138-139.
[10] R. Doc. 1.
[11] *Id.* at 6-8.
[12] 28 U.S.C. § 2244(d)(1)(A).
[13] *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), citing 28 U.S.C. § 2244(d)(2).

2

court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is filed, at the conclusion of the ninety-day time period for seeking review at the Supreme Court.[14]

Holcombe's conviction became final on August 10, 2017, ninety (90) days after the May 12, 2017 denial by the Louisiana Supreme Court of reconsideration of his direct appeal, which was the last date Holcombe could have sought further review with the United States Supreme Court. Holcombe did not file his PCR application with the trial court until August 6, 2018—three hundred sixty-two (362) days after his conviction became final. The trial court denied Holcombe's PCR application on September 26, 2018. The First Circuit denied review on February 11, 2019, and the Louisiana Supreme Court ultimately denied review on November 5, 2019. By Holcombe's account, he received the order three days later, on Friday, November 8, 2019. Incidentally, this was the last date that Holcombe could have timely filed a federal habeas petition. Holcombe's petition is dated just two days later—November 10, 2019. The next day was Veteran's Day, November 11, 2019.[15] The Court received his petition for filing on November 12, 2019.

By the time Holcombe filed his habeas application with this Court on November 10, 2019, another six (6) days of untolled time passed. Because more than a year elapsed (368 days), during which Holcombe did not have any properly-filed applications for post-conviction or other collateral review pending before the state courts, Holcombe's writ of habeas corpus in this Court is untimely.[16]

---

[14] *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003).
[15] Veteran's Day played no role in the timeliness calculation as the 365th day fell on Friday, November 8, 2011—before November 11, 2019.
[16] Federal Rule of Civil Procedural 6(a)(1) provides that in computing time periods, "the day of the act, event or default that begins the period" is excluded. Section (a)(3) provides, "include the last day of the period unless it is a Saturday, Sunday, legal holiday…or a day on which weather or other conditions make the clerk's office inaccessible…"

This Court must dismiss Holcombe's untimely habeas application pursuant to 28 U.S.C. § 2244(d) unless he can establish that he is entitled to statutory or equitable tolling of the limitations period. To establish statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Holcombe must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[17] Lack of notice has generally been analyzed under equitable, rather than statutory, tolling principles.[18] It is the petitioner's burden to demonstrate that equitable tolling is warranted.[19] The Fifth Circuit takes a holistic approach to determining whether equitable tolling is warranted—there is no bright line rule[20]—however, equitable tolling is only available "in rare and exceptional circumstances."[21] Generally, equitable tolling requires a showing of the following two elements: (1) that the litigant has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[22] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[23] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[24] Further, equitable tolling "is not intended for those who sleep on their rights."[25] Thus,

---

[17] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[18] *See Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000) (analyzing the failure to receive notice of a writ denial under equitable, rather than statutory, tolling principles); *Critchley v. Thaler*, 586 F.3d 318, 318 n. 3 (5th Cir. 2009) ("when the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation.").
[19] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[20] *Diggs v. Vannoy*, 840 Fed.Appx. 779, 781 (5th Cir. 2021) ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case.") (internal quotations and citations omitted).
[21] *Hardy*, 577 F.3d at 598.
[22] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[23] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006), citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000).
[24] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011), citing *Felder,* 204 F.3d at 171-72 and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[25] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).

a federal habeas petitioner is required to act with diligence[26] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after a denial by state appellate courts of these applications for relief.[27] Here, Holcombe does not request equitable tolling. Instead, he appears to be under the impression that his petition is timely because the three days the November 5, 2019 Louisiana Supreme Court opinion was in the mail are tolled.[28] However, the three days that elapsed while the opinion was in the mail are not statutorily tolled,[29] and Holcombe's post-conviction application was no longer "pending" for the purposes of statutory tolling as of the date the Louisiana Supreme Court issued its opinion.[30]

Any argument that the three-day delay in receipt of the order from the Louisiana Supreme Court could serve as a basis for equitable tolling also fails. The Fifth Circuit has held that delays of four (4) months,[31] almost one (1) year,[32] and eighteen (18) months[33] in receiving notice of the denial of a state application constitute extraordinary circumstances. In contrast, a three day-delay is a reasonable amount of time to receive notice of the Louisiana Supreme Court's opinion and does not constitute "extraordinary circumstances."

---

[26] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case-by-case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[27] *See Ramos v. Director*, Nos. 09-463/09-477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).
[28] R. Doc. 1-2, p. 5.
[29] *See Crutcher v. Cockrell*, 301 F.3d 656, 657-658 (5th Cir. 2002) (Rule 6(e), which adds three days to the prescribed period whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under rule 5(b)(2)(B)(C) or (D), does not apply to the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) because Rule 6(e) does not apply to time periods that begin with the filing in court of a judgment or order).
[30] *Lawrence v. Fla.*, 549 U.S. 327, 327 (2007). *See also Crutcher v. Cockrell*, 301 F.3d at 657 ("28 U.S.C. § 2244(d)(1)(A) looks to when a judgment becomes final, not when the petitioner becomes aware that the judgment is final… In the context of judgments of conviction for which a petition for writ of certiorari to the Supreme Court is filed, we look to when the Supreme Court denied the petition, which occurs on the date the order denying the petition is issued, *i.e.,* filed, by the Clerk of the Supreme Court, not when notification of this order is mailed to or received by the petitioner…")
[31] *Phillips*, 216 F.3d 508.
[32] *Hardy*, 577 F.3d 596.
[33] *Jackson*, 933 F.3d at 411.

A petitioner's diligence is generally examined at three stages when he seeks to toll the period between the denial of a state habeas petition and the filing of his federal application.[34] First, is how long the petitioner waited to file for state habeas relief. While delays of two (2) months or less to file for state habeas relief have been deemed diligent by the Fifth Circuit,[35] a delay of seven (7) months was considered dilatory, such that denial of equitable tolling was unwarranted.[36] Holcombe's situation was created by his failure to file his PCR application before almost the entire year time limitation to file a federal habeas application had elapsed. He provides no explanation for this delay. Using a holistic approach, Holcombe is not entitled to equitable tolling. Although he moved quickly in filing his federal petition after receiving notice of the Louisiana Supreme Court's denial of his PCR application, taking 362 days to file the PCR application with no excuse warrants against finding that Holcombe pursued his rights diligently.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[37] Although Petitioner has not yet filed a Notice of Appeal in this case, the Court may address whether he would be entitled to a certificate of appealability.[38] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[39] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition

---

[34] *Jackson*, 933 F.3d at 408. The second consideration – whether a petitioner checked on the status of his pending state application – is not applicable here since Holcombe's delay in receiving the final decision of the Louisiana Supreme Court on his PCR application was only three (3) days.
[35] *Jackson*, 933 F.3d at 411-412 (one-and-a-half-month delay); *Hardy*, 577 F.3d at 597 (two-month delay).
[36] *Stroman v. Thaler*, 603 F.3d 299, 302-303 (5th Cir. 2010).
[37] 28 U.S.C. § 2253(c)(1)(A).
[38] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[39] 28 U.S.C. § 2253(c)(2).

states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[40] In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[41]

Should Petitioner pursue an appeal, it is recommended that a certificate of appealability be granted. In the instant case, reasonable jurists could debate the correctness of the procedural ruling that Holcombe is not entitled to equitable tolling where he filed his habeas application only two days after receipt of denial of state habeas relief from the Louisiana Supreme Court on a Friday, notwithstanding that he waited almost a year to file his PCR application with the state trial court.

## IV.   RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Petitioner Jason Holcombe's application for habeas corpus relief be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be granted if Petitioner Jason Holcombe seeks to pursue an appeal in this case.

Signed in Baton Rouge, Louisiana, on November 17, 2022.

*[signature: Scott Johnson]*

        **SCOTT D. JOHNSON**
        **UNITED STATES MAGISTRATE JUDGE**

---

[40] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).
[41] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).